(Reap. Dec. 9549)

JNO. G. McGIFFIN *v.* UNITED STATES

Entry Nos. J 369; J 392.

(Decided December 7, 1959)

*Henry L. Ziegel* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Henry J. O'Neill*, trial attorney), for the defendant.

RAO, Judge: These cases, which have been consolidated for purposes of trial, are appeals from the appraiser's returns of value of certain imported earthenware tiles and fittings. This merchandise was entered at the invoiced unit values, packed, less 30 per centum, less 5 per centum, but was appraised at the invoiced unit values, packed, less 5 per centum, only.

It appears from an affidavit of the managing director of the British manufacturer and exporter of the instant merchandise (plaintiff's exhibit 1), that the 30 per centum discount, which the appraiser disallowed, was granted to all purchasers of tile made and sold for export to the United States to compensate for the devaluation of the pound sterling from $4.035 to $2.80, since the prices for export to the United States were established prior to the issuance of the British Government's devaluation decree. The effect of the discount was to give the British manufacturers of tile the same return in sterling currency as they had previously received.

It further appears that the subject merchandise was exported from England in May and June 1950; that the prices for export were established during the period prior to September 18, 1949, when the official rate for the pound sterling was $4.035; and that the devaluation decree was issued on September 18, 1949.

An examination of the published rates of exchange for the pound sterling for the period from September 16 to September 22, 1949, inclusive, as certified to the Secretary of the Treasury by the Federal Reserve Bank of New York, 84 Treas. Dec. 299, T.D. 52315, confirms

the devaluation of the pound sterling to $2.80, as of September 19, 1949.

Although it is not affirmatively so shown in this record, it is reasonably inferable from the affidavit submitted by the plaintiff that both the appraised values and the entered values were expressed in terms of export value, as that value is defined in section 402(d) of the Tariff Act of 1930, and that there was no higher foreign value for merchandise of this type.

Since the evidence with respect to the discount of 30 per centum establishes that it was freely allowed to all purchasers for exportation to the United States, it may not properly be considered as an element in the value of said merchandise.

Based upon the facts established in the instant record, I make the following findings:

1. That the merchandise involved in these consolidated appeals for reappraisement consists of earthenware tiles and fittings, exported from Great Britain on May 5, 1950, and June 9, 1950, respectively.

2. That said merchandise was appraised at the invoiced unit values, packed, less 5 per centum.

3. That said merchandise was entered at the invoiced unit values, packed, less 30 per centum, less 5 per centum.

4. That prices of earthenware tiles and fittings for exportation to the United States in 1950 were set forth in pricelists promulgated prior to September 18, 1949.

5. That, on or about September 18, 1949, the British Government issued a decree devaluing the pound sterling from $4.035 to $2.80.

6. That the British manufacturers of earthenware tile and fittings thereupon agreed to allow a discount of 30 per centum ad valorem, from said list prices, to all purchasers at the prevailing prices, to yield to said manufacturers the same return in sterling currency as they had previously received.

7. That the prices at which such and similar merchandise was freely offered for sale to all purchasers for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, were in accordance with the invoiced values, packed, less 30 per centum, less 5 per centum.

8. That there was no higher foreign value for such or similar merchandise.

I, therefore, conclude that, at or about the dates of exportation of the subject earthenware tiles and fittings, such or similar merchandise was freely offered for sale to all purchasers for exportation to the United States, in the principal markets of Great Britain, in the usual wholesale quantities and in the ordinary course of trade, at prices

equivalent to the invoiced unit values, packed, less discounts of 30 per centum and 5 per centum, as entered by the plaintiff.

Judgment will issue accordingly.